UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| American Innovative Products, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Lowe's Companies, Inc., Lowe's Home Centers, LLC, EZ-FLO International, Inc., and Reliance Worldwide Corporation,<br><br>Defendants. | Civil Action No. _____<br><br>COMPLAINT |

PARTIES

Plaintiff, American Innovative Products, Inc., by its counsel, and for its Complaint against Defendants, Lowe's Companies, Inc., Lowe's Home Centers, LLC, EZ-FLO International, Inc., and Reliance Worldwide Corporation, alleges as follows:

1. Plaintiff, American Innovative Products, Inc., is a Massachusetts corporation having a principal place of business at 10 Post Office Square, Boston, MA 02109 (hereinafter "Plaintiff").

2. Upon information and belief, Defendant Lowe's Companies, Inc. is a North Carolina corporation having a principal place of business located at 1000 Lowes Blvd., Mooresville, NC 28117, and its wholly owned subsidiary Defendant Lowe's Home

-1-

Centers, LLC, is a North Carolina limited liability company having a principal place of business at located at 1000 Lowes Blvd., Mooresville, NC 28117 and/or 1605 Curtis Bridge Road. Wilkesboro, North Carolina 28697, and retail stores located throughout the United States, and one located at 135 West Gate Drive, Brockton, MA 02301 (hereinafter "Defendant Lowes").

3. Upon information and belief, Defendant EZ-FLO International, Inc., is a California corporation having a principal place of business at 2750 East Mission Blvd., Ontario, CA 91761 (hereinafter "Defendant EZ-FLO").

4. Upon information and belief, Defendant Reliance Worldwide Corporation, is a California corporation having a principal place of business at 2300 Defoor Hills Road, NW, Atlanta, GA 30318 (hereinafter "Defendant RWC"). Upon information and belief, on or about November 2021, Defendant EZ-FLO International, Inc., was purchased and acquired by Defendant RWC.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331; 15 U.S.C. §1116; and 15 U.S.C. §1121, as this action arises under the United States trademark laws (15 U.S.C. §1051 *et seq.*).

6. This Court has personal jurisdiction over Defendant Lowes, Defendant EZ-FLO, and Defendant RWC as they conduct business and have committed acts of trademark infringement within the Commonwealth of Massachusetts.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2).

COUNT I: TRADEMARK INFRINGEMENT UNDER 35 U.S.C. §1114

8. Plaintiff re-alleges Paragraphs 1-7 of this Complaint as if fully set forth herein.

9. Beginning at least as early as December 30, 2007, Plaintiff and prior owners of the trademark "BURST FREE", have used, marketed, and sold washing machine hoses under the trademark "BURST FREE" throughout the United States both in retail stores and online stores, including many retail stores of Defendant Lowes. A prior owner, Samar Company, Inc., sold washing machine hoses under the mark "BURST FREE" to Defendant Lowes for more than twenty (20) years ending in late 2016 when its business closed.

10. Plaintiff is the sole owner of U.S. Reg. No. 6,276,504 for the mark "BURST FREE" in connection with washing machine hoses claiming a first use of the mark "BURST FREE" at least as early as December 30, 2007. A copy of U.S. Reg. No. 6,276,504 is attached hereto as Exhibit A.

11. U.S. Reg. No. 6,276,504 for the mark "BURST FREE" is valid and subsisting.

12. On information and belief, Defendants Lowes markets and sells washing machine hoses and packaging under the mark "BURST-FREE" throughout the United States, including consumers located within the Commonwealth of Massachusetts. A copy of the infringing product packaging purchased from a Defendant Lowes' store in Brockton, Massachusetts, displaying the unauthorized use of the mark "BURST-FREE" and model #0788152 is attached hereto as Exhibit B (hereinafter the "Accused Product"). Defendant Lowes also sells the Accused Product using rack display tags that display the

mark "BURST FREE". A copy of an infringing display tag used by Lowes at the point of purchase displaying the mark "BURST FREE" is attached hereto as Exhibit C (hereinafter the "Accused Display Tag"). Defendant Lowes also sells the Accused Product and provides the purchaser/customer with a purchase receipt that displays the mark "BURST FREE." A copy of a purchase receipt from LOWES displaying the mark "BURST FREE" is attached hereto as Exhibit D (hereinafter the "Accused Purchase Receipt").

13.     On information and belief, Defendant EZ-FLO markets and sells the Accused Product to Defendant Lowes knowing and expecting the Accused Product to be sold throughout the United States, including the Commonwealth of Massachusetts and Defendant Lowes' store in Brockton, Massachusetts.

14.     Defendant Lowes and Defendant EZ-FLO's use, marketing and sale of the Accused Product with the unauthorized mark "BURST-FREE" creates a substantial likelihood of confusion, or to cause mistake, or to deceive customers with Plaintiff's use, marketing and sale of washing machine hoses under its federally registered mark "BURST FREE".

15.     Defendant Lowes' use, marketing and sale of the Accused Display Tag and the Accused Purchase receipt with the unauthorized mark "BURST FREE" creates a substantial likelihood of confusion, or to cause mistake, or to deceive customers with Plaintiff's use, marketing and sale of washing machine hoses under its federally registered mark "BURST FREE".

16.     Defendant Lowes and Defendant EZ-FLO's use, marketing and sale of the Accused Product with the unauthorized mark "BURST-FREE" and Defendant

Lowes' use of the Accused Display Tag and Accused Purchase Receipt with the unauthorized mark "BURST FREE" all constitute infringement of U.S. Reg. No. 6,276,504 for the mark "BURST FREE" under 15 U.S.C. §1114.

17. Defendant Lowes and Defendant EZ-FLO's use, marketing and sale of the Accused Product with the unauthorized mark "BURST-FREE" and Defendant Lowes' use of the Accused Display Tag and Accused Purchase Receipt with the unauthorized mark "BURST FREE" has and continues to cause Plaintiff irreparable harm.

18. Defendant Lowes and Defendant EZ-FLO's use, marketing and sale of the Accused Product with the unauthorized mark "BURST-FREE" and Defendant Lowes' use of the Accused Display Tag and Accused Purchase Receipt with the unauthorized mark "BURST FREE" has and continues to cause Plaintiff monetary damage.

19. Defendant RWC is liable for the actions of Defendant EZ-FLO.

## COUNT II: VIOLATIONS OF 15 U.S.C. §1125(a) - FALSE DESIGNATION OF ORIGIN

20. Plaintiff re-alleges Paragraphs 1-19 of this Complaint as if fully set forth herein.

21. Plaintiff has not authorized the Defendants to use the mark "BURST FREE" or "BURST-FREE" in connection with any type of product.

22. Defendant Lowes and Defendant EZ-FLO's use of the mark "BURST-FREE" on the Accused Product and Defendant Lowes' use of the mark "BURST FREE" on the Accused Display Tag and Accused Purchase Receipt in connection with washing machine hoses is likely to cause confusion, or to cause mistake, or to deceive consumers

into believing that such products are made by, sponsored by, and or affiliated with Plaintiff and its use of the mark BURST FREE in connection with washing machine hoses.

23. Defendant Lowes and Defendant EZ-FLO's use of the mark "BURST-FREE" on the Accused Product and Defendant Lowes' use of the mark "BUTS FREE" on the Accused Display Tag and Accused Purchase Receipt in connection with washing machine hoses constitute violations of 15 U.S.C. §1125(a).

24. Defendant Lowes and Defendant EZ-FLO's use, marketing and sale of the Accused Product with the unauthorized mark BURST-FREE and Defendant Lowes' use of the Accused Display Tag and Accused Purchase Receipt with the mark "BURST FREE" has and continues to cause Plaintiff irreparable harm.

25. Defendant Lowes and Defendant EZ-FLO's use, marketing and sale of the Accused Product with the unauthorized mark BURST-FREE and Defendant Lowes' use of the Accused Display Tag and Accused Purchase Receipt with the unauthorixed mark "BURST FREE" has and continues to cause Plaintiff monetary damage.

26. Defendant RWC is liable for the actions of Defendant EZ-FLO.

## REQUESTED RELIEF

Plaintiff requests this Court to enter judgment in favor of it against Defendant Lowes, Defendant EZ-FLO, and Defendant RWC, jointly and severally, on the above counts and grant it the following relief:

1. An Order that Defendant Lowes, Defendant EZ-FLO, and Defendant RWC, and their agents, servants, employees and those persons in active concert or

participation or otherwise in privity with any of them, be preliminary and permanently enjoined from using in any manner the mark "BURST-FREE" or the mark "BURST FREE" in connection with the marketing and/or sale of washing machine hoses, or any other mark confusing similar to the mark "BURST FREE";

    2.    An Order that Defendants Lowes and Defedant EZ-FLO deliver to Plaintiff for destruction all products, labels, signs, prints, packages, advertisements, websites, and/or any other printed or electronic material which displays or contain the infringing marks "BURST FREE" and/or "BURST-FREE".

    3.    An accounting by Defendants Lowes and Defendant EZ-FLO of all the Accused products sold, gross sales, and profits derived by Defendants Lowes and Defendant EZ-FLO from their acts of infringement.

    4.    Awarding Plaintiff an amount of money equal to the profits realized by Defendants Lowes and Defendant EZ-FLO from their acts of infringement as may be proved at trial;

    5.    Awarding Plaintiff an amount of money equal to actual damages incurred by Plaintiff as may be proved at trial;

    6.    Awarding Plaintiff interest on actual damages;

    7.    Awarding Plaintiff its reasonable attorney fees and costs in connection with this action; and

    8.    Such other relief as this Court deems equitable and just.

## REQUEST FOR A JURY

Plaintiff hereby requests a jury on all issues triable by a jury.

Respectfully submitted,

American Innovative Products, Inc.,

By its Attorney,

Dated: 03/18/2022

/s/ *Steven N. Fox*
Steven N. Fox (BBO #554692)
P.O. Box 193
Sharon, MA 02067
(781) 821-8920
E-mail: sfox@foxpatent.com